UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTYARD AT PACIFIC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHARMAINE MARTIN,<br><br>　　　　　Defendant. | No. 2:19-cv-00117-TLN-CKD<br><br>**REMAND ORDER** |

This matter is before the Court pursuant to Defendant Charmaine Martin's ("Defendant") Notice of Removal Under 28 U.S.C. §§ 1331 and 1441, filed on January 17, 2019. (ECF No. 1.) Defendant simultaneously filed a Motion to Proceed *In Forma Pauperis*. (ECF No. 2.) For the reasons set forth below, the Court REMANDS the case to the Superior Court of California, County of San Joaquin, (ECF No. 1), and grants Defendant's request to proceed *In Forma Pauperis*. (ECF No. 2).

///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November 2018, Plaintiff Courtyard at Pacific ("Plaintiff") served Defendant with a three-day notice to pay rent or quit the premises Defendant was inhabiting at 3301 Pacific Avenue, Apartment 15, Stockton, California, 94204. (ECF No. 1 at 38.)[1] After this three-day period expired, Plaintiff filed an unlawful detainer action in San Joaquin County Superior Court, which was assigned the case number STK-CV-LUNDR-2018-14705. (ECF No. 1 at 5–6.) As far as the Court can tell from the record attached to the notice of removal, Defendant filed a demurrer in late November or early December, (*see* ECF No. 1 at 5–6), to which Plaintiff filed an opposition on December 12, 2018, (ECF No. 1 at 9). On December 31, 2018, Defendant filed an Answer to Unlawful Detainer Complaint that set forth a number of affirmative defenses. (ECF No. 1 at 41). Defendant then filed the instant Notice of Removal Under 28 U.S.C. §§ 1331 and 1441 on January 17, 2019. (ECF No. 1 at 1.) A short-form application to proceed *in forma pauperis* accompanied Defendant's notice of removal. (ECF No. 2.)

Defendant argues that removal to this Court is proper because the complaint presents federal questions, namely whether Defendant justifiably withheld rent because Plaintiff violated the Fair Housing Act by refusing to permit "reasonable modifications of the premises necessary to afford full enjoyment of the premises to Defendant," who apparently is disabled. (ECF No. 1 at 2.) Defendant argues that the Court has subject matter jurisdiction "because Defendant[']s pleading depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." (ECF No. 1 at 3.)

## II. STANDARD OF LAW

Civil actions originally brought in state court may be removed "to the district court of the United States for the district and division embracing the place where such action is pending," so long as "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441(a). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386,

---

[1] The Court notes that the three-day notice to pay rent or quit attached to Defendant's notice of removal lists the premises at issue as being located within zip code 94204, (ECF No. 1 at 38), while the rental agreement lists the zip code for the premises as 95204, (ECF No. 1 at 11).

2

392 (1987). Of course, one category of cases over which the federal district courts have original jurisdiction is that set of cases presenting a federal question "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392; *see also Vaden v. Discover Bank*, 556 U.S. 49, 54 (2009) (restating "the established rule that federal-court jurisdiction cannot be invoked on the basis of a defense or counterclaim"). Applying this rule, courts strictly construe the removal statute against removal jurisdiction because "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "[T]he defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### III. ANALYSIS

Given the above, the Court must look to the face of Plaintiff's complaint, *Caterpillar Inc.*, 482 U.S. at 392, in order to determine whether Defendant is correct that this complaint presents a federal question that would establish the Court's subject-matter jurisdiction, (*see* ECF No. 1 at 3). The Court is unable to do this, however, because Defendant did not provide the Court with a copy of Plaintiff's complaint. (*See* ECF No. 1.) The only state-court filings presented to the Court along with Defendant's notice of removal are (i) Plaintiff's opposition to Defendant's demurrer, (ECF No. 1 at 5–9), and (ii) Defendant's answer to Plaintiff's complaint, (ECF No. 1 at 40–43).

It is Defendant's burden to demonstrate that removal is proper, *Gaus*, 980 F.2d at 566, but Defendant has failed to carry that burden because she has not provided the Court with the pleadings needed to make a ruling, *Caterpillar Inc.*, 482 U.S. at 392. The Court is bound by the rule that "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," and so must reject federal subject-matter jurisdiction in this case. *Id.*

## IV. CONCLUSION

For the reasons set forth above, the Court REMANDS this action to the Superior Court of California, County of San Joaquin. In removing this case, Defendant filed a motion to proceed in forma pauperis. (*See* ECF No. 2.) The Court has reviewed this motion and finds that Defendant meets the requirements of *In Forma Pauperis* status and thus grants Defendant's request.

IT IS SO ORDERED.

Dated: January 23, 2019

_____
Troy L. Nunley
United States District Judge